[Civ. No. 5517. First Appellate District, Division One.—November 29, 1927.]

JOSEPH R. WYLIE, Respondent, v. FIRST NATIONAL BANK OF SANTA BARBARA (a Corporation), Defendant and Cross-Complainant; OTTO B. COLLEY et al., Cross-Defendants and Appellants.

George V. Appell and E. V. Van Bever for Appellants.

Fred A. Shaeffer for Respondent.

STROTHER, J., pro tem.—This is an action in the nature of replevin to recover from the defendant bank two deeds alleged to have been deposited in escrow with it to be delivered to the plaintiff at such time as the bank should receive from plaintiff deeds executed by him conveying

severally to the grantors in the deeds so deposited with the bank tracts of land described in the complaint.

The complaint alleges that plaintiff deposited with defendant the deeds, duly executed and acknowledged by him, his demand for the deeds deposited in escrow, the refusal of the bank to deliver them, and prays judgment enforcing their delivery.

The defendant answered denying the allegations of the complaint upon information and belief, and filed a cross-complaint making the plaintiff and the grantors, and their wives, in the deeds deposited in escrow with it, cross-defendants, disclaiming any interest in the controversy or knowledge of the rights of the several parties, tendering all documents into court, and asking that it be dismissed and that the parties to the deeds be required to set forth and litigate their controversies between themselves.

To this cross-complaint the plaintiff made no answer, but the cross-defendants Oliver C. Ricketts and Ada L. Ricketts, his wife, and Otto B. Colley and Catherina Colley, his wife, grantors respectively in the escrow deeds, answered jointly.

Upon the trial the defendant bank was dismissed from the action, and the answers to the cross-complaint were apparently considered as answers to the plaintiff's complaint. Judgment was rendered in favor of plaintiff, directing the clerk to deliver to him the deeds executed by Ricketts and wife and Colley and wife, respectively. No order was made in the decree as to the disposition of Wylie's deeds to these parties.

From this judgment only the defendants Colley and wife appeal, and the evidence and proceedings at the trial are incorporated in a bill of exceptions.

■ The evidence discloses that on March 27, 1922, plaintiff and Colley entered into an agreement in writing by which plaintiff agreed to sell and convey to Colley, and Colley agreed to buy, a tract of seventy acres of land in San Luis Obispo County "free and clear of all encumbrance" and to "give deed and title to the same." Colley agreed "to give in exchange for the above-described property of the first part property located at 1809 Orange avenue free and clear of all encumbrances" and to "give deed and title for same." The two parcels of land which plaintiff

agreed to sell and convey to Ricketts and Colley respectively are parts of a tract which plaintiff had contracted to purchase from Los Berros Land and Water Co., on which there was an unpaid balance owing from plaintiff to the company, the title to which stood in the latter. The contract for title to Ricketts was by its terms made subject to the contract with the company; that with Colley made no reference to it except the following: "This agreement is subject to the approval of the Los Berros Land and Water Co. for the transfer of the contract given to Joseph R. Wylie July 30, 1921." On April 4, 1922, Ricketts and wife and Colley and wife executed deeds to the plaintiff and his wife as joint tenants of the lots of land agreed by them, respectively, to be conveyed. On the same day, by mutual understanding, the deeds were deposited by A. L. Page, who had negotiated the transactions as plaintiff's agent, with the bank, with written instructions to "deliver these deeds to the grantee upon receipt from him of two deeds conveying property in San Luis Obispo county described in an agreement which you now hold in escrow made July 13, 1921, between Los Berros Land & Water Co. and J. R. Wylie." On April 25, 1922, Los Berros Land and Water Co. executed a deed conveying to plaintiff a tract of land including that agreed to be sold by him to Ricketts and Colley, and deposited the deed with the bank with instructions to deliver it to Wylie upon payment to its account of $2,500, balance of the purchase price due from Wylie. This was not paid and the deed never delivered. On May 15, 1922, Ricketts and Colley each severally gave to the bank written notice of rescission, and each notified the bank not to deliver the deed executed by him to Wylie. On May 18, 1922, Wylie and his wife executed to Ricketts an assignment of his contract of purchase with Los Berros Land & Water Co. It does not appear from the evidence what was done with this assignment. On May 19, 1923, about a year after the latest of the above-recited transactions, Wylie and his wife executed deeds to Ricketts and Colley respectively of the lands to be conveyed to them. The deed to Ricketts recited that it was made subject to the contract with Los Berros Land & Water Co.; that to Colley purported to convey title without reference to any encumbrance.

Oral evidence was introduced tending to show that after the contracts of March 27th were entered into between the several parties, negotiations were begun between Wylie and Ricketts and Colley for a division between the latter of the payment of the $2,500 owing to the land and water company, but there was no pleading or proof that Colley entered into any written agreement with Wylie changing the terms of the original contract. There is no evidence in the record to show that there was any understanding by any of the parties that Colley was to assume any of the indebtedness to the land and water company until after his contract was entered into. If there had been it was, of course, concluded by the contracts. The subsequent actions of Wylie in signing and acknowledging an assignment of the land and water company contract to Ricketts and executing his deed to Ricketts subject to that contract, and his deed to Colley without any reference to it, indicate that there was no such understanding or agreement.

It would appear from the evidence that there may have been some subsequent agreement between Ricketts and Colley that the latter should pay some part of the $2,500, but Ricketts did not pay or offer to pay any part of it. Certainly the plaintiff could not evade performance of his obligation to convey to Colley a title free and clear of encumbrance, and throw the burden upon Colley of forcing Ricketts to clear the title, and yet this is the position in which the judgment of the trial court leaves the appellant.

The plaintiff, having failed to comply with his agreement to convey to Colley the land free and clear of all encumbrance, was not entitled to the delivery of the deed.

The judgment of the trial court is reversed, with directions to revise its findings as to the appellants Colley, in accordance with the foregoing, and to enter judgment in their favor.

Tyler, P. J., and Cashin, J., concurred.